IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LESLIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF RICHARDSON, THE ) | |
| RICHARDSON POLICE DEPARTMENT, ) | |
| and OFFICER S. HARRIS ) | |
| ) | |
| Defendants. ) | Civil Action No. 3:19-CV-2155-C |

## ORDER

On this day, the Court considered Defendant Officer Shayne Harris' Motion for Partial Summary Judgment, filed December 9, 2019.

### I. BACKGROUND

Defendant Officer Shayne Harris is a police officer with the City of Richardson.

The case arises from a traffic stop that occurred on July 26, 2017, at approximately 1:00 A.M. While on patrol, Officer Harris observed Plaintiff Leslie Williams execute an illegal right-hand turn. A traffic stop ensued where Williams was agitated, combative, refused to exit his vehicle, refused to provide identification, and refused to cooperate. Officer Harris attempted to remove Williams from the vehicle and had to revert to the use of a Taser. Ultimately, Officer Harris and another officer forcibly removed Williams from the vehicle.

Richardson Fire Department ambulance responded and Williams was examined by paramedics. The Taser probes did not penetrate Williams' clothing and Williams was not otherwise physically injured.

An open beer, a marijuana cigarette, and a small bag of marijuana were found in Williams' vehicle.

The entire sequence of events is captured on a Defendant's dash camera and a body camera.

## II. LEGAL STANDARDS

A. *Summary Judgment*

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about material fact is "genuine" if "it is real and substantial, as opposed to merely formal or a sham" and such that a reasonable jury could return a verdict for the nonmoving party. *Bazan v. Hidalgo County,* 346 F.3d 481, 489 (5th Cir. 2001). An actual controversy of fact exists where both parties have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

When the nonmoving party fails to timely respond to a motion for summary judgment, courts may not enter a default summary judgment solely on the basis of the failure to respond. *See Alvarez v. United Parcel Serv. Co.,* 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (citing *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988)). This failure to respond, *per se*, is not fatal because "the nonmovant is under no obligation to respond unless the movant discharges the initial burden of demonstrating that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *John v. State of La. (Bd. of Trs. For State Colls. & Univs.),* 757 F.2d 698, 708 (5th Cir. 1985). If the moving party fails to satisfy

its burden, summary judgment must be denied, even absent a response from the nonmoving party. *Id.*

Courts may, however, accept the moving party's version of the facts as undisputed. *Alvarez*, 398 F. Supp. 2d at 548-49 (citing *Eversly*, 843 F.2d at 174). This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Gold, Inc. V. Nike, Inc.*, 485 F.2d 253, 261 (5th Cir. 2007). Thus, when the nonmoving party fails to oppose the motion, courts may grant the motion upon "a *prima facie* showing of its entitlement to judgment." *Eversley*, 843 F.2d at 174; *See also Isquith v, Middle S. Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988) (citing cases) ("In these cases, this general rule meant that summary judgment was appropriate because the nonmovant, although faced with a summary judgment motion, chose not to respond to the motion at all."). The court does not, "in absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v, Nat'l Wildlife Fed'n*, 497 U.S, 871, 888 (1990)).

B. *Qualified Immunity*

"Government officials performing discretionary functions are generally shielded from liability for civil damages insofar as [their] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *See also Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A public

official sued in his individual capacity is entitled to the defense of qualified immunity if he can establish that his conduct was lawful in light of clearly established law and the information possessed by him at the time. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987). In *Harlow v. Fitzgerald*, the Supreme Court adopted the "objective reasonableness" test for determining whether a public official is entitled to qualified immunity. The Court explained that in those instances where there are only bare conclusory allegations, government officials should not be subjected "either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow*, 457 U.S. at 818.

When the defense of qualified immunity is pleaded, the plaintiff has the burden of demonstrating that qualified immunity does not apply. *See Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013); *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The Fifth Circuit has held that, to plead sufficiently to overcome the defense of qualified immunity, a plaintiff must allege facts that show that (1) the defendant committed constitutional violation under current law, and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the actions complained of. *See id.*

A police officer is entitled to qualified immunity for an arrest unless that arrest was not supported by probable cause and the officer was objectively unreasonable in believing there was probable cause for the arrest. *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 391 (5th Cir. 2017). An officer who reasonably believes that probable cause for an arrest exists is entitled to immunity even if his reasonable belief was a mistake. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge *at the moment of arrest* are sufficient for a reasonable person

to conclude that the suspect had committed or was committing an offense." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). Probable cause may be for any crime and is not limited to only the crime the officer subjectively considered when making the arrest. *Davidson*, 848 F.3d at 392.

C. *Excessive Force*

When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures. *Tolan v. Cotton*, 576 U.S. 650 (2014). An excessive force claim under the Fourth Amendment first requires evidence of a seizure. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). Next, the plaintiff must show that he suffered 1) an injury; 2) resulting directly and only from the use of force excessive to the need; and 3) that the force used was objectively unreasonable. *Id.* The plaintiff does not have to demonstrate a significant injury, but must have suffered from some form of injury. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

In determining if the use of force was clearly excessive and objectively unreasonable, a court should pay particular attention to the facts and circumstances of each case. *Graham v. Connor*, 490 U.S. 386 (1989). This includes the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Id.* In relation to excessive force claims, not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. *Id.* The calculus of reasonableness must embody allowance for the fact that police

officers are often forced to make split-second judgments, in circumstances that are tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation. *Id.* As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard for their underlying intent or motivation. *Id.*

### III. DISCUSSION

Here, the Defendant has filed his Motion for Partial Summary Judgment along with two affidavits, the police report, Defendant's dash camera, and Defendant's body camera. [*See* Docs. 11, 12, 13]; *See also Scott v. Harris*, 550 U.S. 372 (2007) (when considering motion for summary judgment, the court had to view the facts in the light depicted by videotape). The Plaintiff has not responded to the Motion. The Court cannot grant the motion solely on Plaintiff's failure to respond. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548–49 (N.D. Tex. 2005). However, the Court will still examine the evidence presented by the Defendant to make a *prima facie* determination as to whether he has met his burden of showing that there is no issue of material fact and that he is entitled to judgment as a matter of law. *See Eversley*, 843 F.2d at 174. The Court accepts the Defendant's version of the facts as undisputed.

We now turn to the application of the doctrine of qualified immunity. The first issue is whether Officer Harris had probable cause to effectuate an arrest. The dash camera of Officer Harris' vehicle shows Plaintiff Williams making a right turn across three lanes. Texas Transportation Code § 545.101 requires "an operator [to] make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway" to make a right turn at an

6

intersection. Defendant Harris' affidavit confirms that, with a few exceptions, "all traffic violations in Texas are subject to citation, arrest, or warning at the discretion of law enforcement." [Doc. 12, Ex. 1-3]. Officer Harris' conduct was objectively reasonable in believing that he had probable cause to effectuate a traffic stop and arrest at his discretion. *See Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 391 (5th Cir. 2017).

Having satisfied the first issue, the next inquiry is whether the force used was clearly excessive and unreasonable. *Graham v. Connor*, 490 U.S. 386 (1989). The summary judgment evidence, which includes video footage and concurring affidavits from both the Defendant and other officers, shows that Officer Harris was reasonable in his actions. The summation of Officer Harris' career experience, the context of the neighborhood, Plaintiff's agitated state, and Plaintiff's persistent noncompliance strongly indicates that Officer Harris reasonably believed he needed to use force and that other objectively reasonable officers would have done the same. [*See* Doc. 12, Ex. 1, 2B, 2C].

Officer Harris is entitled to qualified immunity for the arrest of Plaintiff Williams because, in evaluating the uncontested facts provided, the Court concludes that 1) Officer Harris was objectively reasonable in believing probable cause for the arrest and probable cause did exist for the arrest, and 2) Officer Harris' use of force was objectively reasonable in light of the facts and circumstances confronting him.

## IV. CONCLUSION

**THEREFORE**, the Court finds that Defendant Harris' Motion for Summary Judgment is **GRANTED** and Plaintiff's claims against Defendant Harris in his individual capacity are hereby **DISMISSED** for the reason of qualified immunity.

All relief not granted herein is **DENIED**.

SO ORDERED this 17th day of March, 2020.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE